```
                                                           CLERK'S OFFICE U.S. DIST. COURT
                                                                 AT LYNCHBURG, VA
                                                                      FILED

                                                                  JUN 13 2011

                                                              JULIA C. DUDLEY, CLERK
                                                              BY: /s/ [signature]
                                                                  DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 6:99-cr-70054-6 |
| v. | **§ 2255 MEMORANDUM OPINION** |
| **CLAUDIO OTERO, JR.,** | By: Hon. Normal K. Moon |
| Petitioner. | United States District Judge |

Petitioner Claudio Otero, Jr., a federal inmate proceeding pro se, filed a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b), of his criminal judgment entered in 2000. Petitioner previously filed a § 2255 motion that the court dismissed upon the United States' motion to dismiss. Otero v. United States, No. 7:01-cv-00523 (W.D. Va. Jun. 9, 2003). Upon review of the Rule 60(b) motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (stating subject matter of motion determines its status, not its caption).

When a prisoner files a Rule 60(b) motion in a closed criminal case seeking relief from his criminal conviction, the motion may filed and dismissed as a successive motion to vacate, pursuant to 28 U.S.C. § 2255(h). Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon, 523 U.S. at 553). See United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003). "[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Id. at 207. To allow prisoners to bring new § 2255 claims in a Rule 60(b) motion would circumvent the requirement under § 2255(h) that any successive collateral attack first be certified by a Court of Appeals. Gonzalez, 545 U.S. at 531-32. Cf. Winestock, 340 F. 3d at 207 ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.")

The court entered Otero's criminal judgment in July 2000 for conspiring to distribute cocaine. In his Rule 60(b) motion, Otero alleges that he received ineffective assistance of counsel during sentencing and that his conviction should be vacated.

Clearly, this claim falls squarely within the class of claims that must be construed and treated as a successive § 2255 claim. Petitioner attempts to couch his motion as Rule 60 motion for reconsideration, but petitioner actually attempts to relitigate matters already decided. Therefore, this motion is the type that "attacks the federal court's previous resolution of a claim on the merits," and the court must treat the Rule 60 motion as a successive § 2255 motion. See Gonzalez, 545 U.S. at 531.

To pursue his present claim, petitioner must first obtain certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because he does not present any such certification with his current motion, his successive § 2255 motion must be dismissed, and the court will not reach the merits of the claim.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 13th day of June, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE